UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT W. JOHNSON,

    Plaintiff,

v.

    Civil Action No. 22-11842

    HONORABLE DENISE PAGE HOOD

ROBERT J. YOUNG, et al.,

    Defendants.
_____/

**ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES, TRANSFERRING THIS ACTION TO THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION AT COLUMBUS AND CLOSING ACTION**

This matter is before the Court on Plaintiff Robert W. Johnson's Application to Proceed Without Prepaying Fees. (ECF No. 2) On August 10, 2022, Plaintiff filed a Complaint against various Defendants alleging employment discrimination. A Notice of Right to Sue was mailed to Plaintiff from the Ohio Civil Rights Commission on June 23, 2022. According to the Complaint, Plaintiff is a resident of Watertown, New York and all the named-Defendants are located in Columbus, Ohio. (ECF No. 1)

A review of the application supports Plaintiff's claim of pauper status. The Court grants Plaintiff *in forma pauperis* status to proceed without prepayment of the

filing fee for this action. However, the Court finds the Eastern District of Michigan is not the proper venue for this action. Venue is proper "only in the judicial district where all defendants reside, or in which the claim arose ..." 28 U.S.C. § 1391(b). A complaint filed in the wrong division or district court is properly dismissed without prejudice to plaintiff's right to refile the complaint in the proper district court, or, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. *See* 28 U.S.C. § 1406(a); *Rodman v. Seiter,* 1989 WL 111620 *1, Case No. 89-3122 (6th Cir. Sept. 28, 1989).

The Complaint alleges all the named-Defendants are located in Columbus, Ohio. The alleged wrongful acts occurred in Columbus, Ohio. (ECF No. 1) In the interest of justice, the Court transfers the case to the United States District Court for the Southern District of Ohio, Eastern Division at Columbus. See, 28 U.S.C. § 115(b)(2).

The Court is aware that Plaintiff is proceeding *pro se.* Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988). Plaintiff is required to follow the rules and statutes governing venue and to file such action in the

proper venue. The Eastern District of Michigan is not the proper venue for this action since none of the named-Defendants reside in this District and none of the alleged wrongful acts occurred in this District.

For the reasons set forth above,

IT IS ORDERED that Plaintiff Robert W. Johnson's Application to Proceed Without Prepaying Fees or Costs **(ECF No. 2)** is GRANTED.

IT IS FURTHER ORDERED that the action is TRANSFERRED to the United States District Court for the Southern District of Ohio, Eastern Division at Columbus, where Plaintiff must file any future motions and papers.

IT IS FURTHER ORDERED that this action is designated as CLOSED on the docket of the Eastern District of Michigan.

IT IS FURTHER ORDERED that any appeal from this Court's Order is frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).

*s/Denise Page Hood*
DENISE PAGE HOOD
United States District Judge

DATED: September 1, 2022